Argued February 3, reversed and remanded July 31, 1969

In the Matter of GERALD LEIGH OMAN,
A MINOR CHILD
STATE OF OREGON, *Respondent, v.*
GERALD LEIGH OMAN,
*Appellant.*
457 P2d 496

*Howard H. Campbell,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Richard J. Knapp, Deputy District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

A sixteen-year-old boy appeals from a decision in the juvenile court declaring him to be a ward of the court and placing him on probation. He was accused of violating ORS 167.210 by taking sexual liberties with a fourteen-year-old girl.

■ The first assignment of error challenges the refusal of the court to grant the juvenile's request to be tried by a jury. The right to a jury trial of a contested charge of conduct which, if committed by an adult, would be criminal, is not a requirement of due process for juveniles. *State v. Turner,* 253 Or 235, 453 P2d 910 (1969).

■ The second assignment of error asserts that ORS 167.210 is unconstitutionally vague. For the purposes of this case, we deem it immaterial that the defendant is himself a juvenile. He has the same right to challenge the constitutionality of the statute an adult defendant would have.

■ For the reasons set forth in *State v. Hodges,* 254 Or 21, 457 P2d 491, the portion of ORS 167.210

under which the juvenile is charged with misconduct is unconstitutional, and the finding of wardship must be set aside. The cause is remanded to the trial court for further proceedings that may be consistent with the rights of the juvenile and the jurisdiction of the court under Chapter 419 of the Oregon Revised Statutes.

Reversed and remanded.

O'CONNELL, J., specially concurring.

For the reasons stated in my dissent in *State v. Turner*, 253 Or 235, 453 P2d 910 at 914 (1969), I do not agree with that portion of the opinion which denies defendant a right to trial by jury. I concur in that portion of the opinion which holds ORS 167.210 unconstitutional.

HOLMAN, J., dissenting.

I dissent for the reasons set forth in the case of *State v. Hodges*, 254 Or 21, 457 P2d 491 (July 24, 1969). I believe the statute to be constitutional and that the conduct complained of was, as a matter of law, such as clearly could tend to produce delinquency.

Sloan and Denecke, JJ., join in this dissent.